IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THASHA A. BOYD,<br><br>　　Plaintiff,<br><br>v.<br><br>STEVEN T. MNUCHIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE TREASURY,<br><br>　　Defendant. | CIVIL ACTION NO.<br>1:18-CV-0525-MHC-JSA |

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Steven T. Mnuchin, Secretary of the United States Treasury, by and through counsel, the United States Attorney for the Northern District of Georgia, hereby submits this Answer and Defenses to Plaintiff's Original Complaint and Request for Declaratory Judgment, Injunctive Relief and Damages (the "Complaint"), and shows the following:

**FIRST DEFENSE**

The allegations in Plaintiff's Complaint fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

Any adverse employment action taken by Defendant against Plaintiff was based on legitimate, non-discriminatory reasons and were not retaliation or discrimination based on her religion or prior participation in the EEO complaint process.

## THIRD DEFENSE

Plaintiff cannot demonstrate that Defendant's actions were pretext for discrimination or retaliation.

## FOURTH DEFENSE

Plaintiff is barred from bringing any claim for which she did not timely contact an EEO counselor, file a formal EEO complaint, otherwise comply with the statute of limitations, or fully exhaust her claims administratively.

## FIFTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed to mitigate her damages, if any.

## SIXTH DEFENSE

Defendant reserves the right to plead all other affirmative defenses or any applicable state or federal law that, through discovery, Defendant learns may be applicable.

**ANSWER**

Defendant responds to the allegations contained in the individually-numbered paragraphs of Plaintiff's Complaint as follows:

"I. PRELIMINARY STATEMENTS"

1.

Defendant admits, on information and belief, that Plaintiff is a resident of Georgia and was employed by the Internal Revenue Service (the "IRS") between November 2012 and September 18, 2016. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's religion. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.

Paragraph 2 of the Complaint characterizes the nature of Plaintiff's claim requires no response from Defendant. To the extent a response is deemed required, Defendant denies that it violated Title VII of the Civil Rights Act of 1964 and denies that Plaintiff is entitled to any of the relief requested.

"II. JURISDICTION AND VENUE"

3.

Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.

Defendant denies the allegations contained in Paragraph 4 of the Complaint. The proper venue for this action is the Northern District of Georgia.

"III. PARTIES"

5.

Defendant admits, on information and belief, that Plaintiff is a resident of Kennesaw, Georgia and that she was employed by the IRS between November 5, 2012 and September 18, 2016. Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.

Defendant admits the allegations contained in Paragraph 6 of the Complaint.

"IV. STATEMENT OF FACTS"

7.

Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's religion. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.

Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.

Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Defendant admits that a voluntary "cookie exchange" was arranged to take place on or about December 17, 2015. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.

Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's impression of how she might be viewed. Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.

Defendant admits that Plaintiff voluntarily contributed decorations to a voluntary "cookie exchange" on or about December 14, 2015. Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.

Defendant admits, on information and belief, that Plaintiff volunteered to bring sodas and juice to the voluntary holiday dinner. Defendant denies the remaining allegations contained in Paragraph 26 of the Complaint.

27.

Defendant admits, on information and belief, that Plaintiff discovered a stocking hanging on her cubicle. Defendant denies the remaining allegations contained in Paragraph 27 of the Complaint.

28.

Defendant admits that Plaintiff removed the stocking from her cubicle. Defendant denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.

Defendant admits that after Plaintiff denied knowing what happened to the stocking purchased by Ms. Procope, Ms. Weems-Baker informed Plaintiff that she had been seen throwing the stocking away and suggested that a more appropriate

course would have been to return the item to Ms. Procope. Except as otherwise stated, denied.

30.

Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

Defendant denies the remaining allegations as stated in Paragraph 31 of the Complaint.

32.

Defendant denies the allegations contained Paragraph 32 of the Complaint.

33.

Defendant denies the allegations as stated in Paragraph 33 of the Complaint.

34.

Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.

Defendant admits that a voluntary holiday dinner occurred on or about December 22, 2015. Defendant denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.

Defendant admits the allegations contained in Paragraph 36 of the Complaint.

37.

Defendant admits the allegations contained in Paragraph 37 of the Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of the Complaint. By way of further response, Defendant states that Plaintiff was moved to a new team effective February 22, 2016.

39.

Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.

Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.

Defendant denies the allegations as stated in Paragraph 41 of the Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.

Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.

Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.

Defendant admits that Plaintiff received a performance appraisal that was subsequently corrected due to a calculation error. Defendant denies the remaining allegations contained in Paragraph 45 of the Complaint.

46.

Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.

Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.

Defendant admits that Plaintiff sent an email to her supervisor on or about September 9, 2016. Defendant denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.

Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.

Defendant admits that Plaintiff resigned on September 18, 2016. Defendant denies the remaining allegations contained in Paragraph 50 of the Complaint.

51.

Defendant admits the allegations contained in Paragraph 51 of the Complaint.

52.

Defendant admits the allegations contained in Paragraph 52 of the Complaint.

53.

Defendant admits the allegations contained in Paragraph 53 of the Complaint.

54.

Paragraph 54 of the Complaint characterizes the nature of relief sought by Plaintiff and requires no response from Defendant. To the extent a response is deemed required, Defendant denies that it violated Title VII of the Civil Rights Act of 1964 and denies that Plaintiff is entitled to any of the relief requested.

"V.  CLAIMS FOR RELIEF

a. Count I. Discrimination in Violation of Title VII of the Civil Rights Act of

1964"

55.

Defendant incorporates by reference its responses to Paragraphs 1 through 54 as if fully restated herein.

56.

Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff belongs to a protected class. Defendant denies the remaining allegations contained in Paragraph 56 of the Complaint.

57.

Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.

Defendant denies the allegations as stated in Paragraph 58 of the Complaint.

59.

Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.

Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.

Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.

Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.

Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.

Defendant admits that the final agency decision determined that no discriminatory conduct occurred and no adverse employment action was taken on the basis of Plaintiff's religion. Defendant denies the remaining allegations contained in Paragraph 64 of the Complaint.

65.

Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.

Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.

Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.

Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.

Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.

Defendant admits that Plaintiff has exhausted her administrative remedies and timely brought this suit. Except as otherwise stated, denied.

"b. Count 2: Retaliation in Violation of Title VII of the Civil Rights Act of 1964"

71.

Defendant incorporates by reference its responses to Paragraphs 1 through 70 as if fully restated herein.

72.

Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.

Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.

Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.

Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.

Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.

Defendant admits that Plaintiff has exhausted her administrative remedies and timely brought this suit. Except as otherwise stated, denied.

"PRAYER FOR RELIEF"

Defendant denies that Plaintiff is entitled to any of the relief requested or to any relief whatsoever from Defendant.

\*   \*   \*   \*

Defendant denies any allegations of the Complaint not expressly admitted herein.

**WHEREFORE**, having fully answered the Complaint, Defendant prays:

a)   That Plaintiff take nothing and this action be dismissed;

b)   That the costs of this action be taxed against Plaintiff; and

c)   That the Court grant Defendant such other relief as is just and proper.

Respectfully submitted,

BYUNG J. PAK
*United States Attorney*
*600 U.S. Courthouse*
*75 Ted Turner Drive SW*
*Atlanta, GA 30303*
*(404) 581-6000   fax (404) 581-6181*


*/S/* TIFFANY R. JOHNSON
*Assistant United States Attorney*
Georgia Bar No. 638051
tiffany.johnson2@usdoj.gov

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing filing has been prepared using Book Antiqua, 13 point font.

*/s/ Tiffany R. Johnson*
Assistant United States Attorney

# **CERTIFICATE OF SERVICE**

I certify that I have this day electronically filed the foregoing DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT with the Clerk of Court using the CM/ECF system which will send notice of such filing to all counsel of record:

>Charles D. Swift
>Christina A. Jump
>833 E. Arapaho Rd. Suite 102
>Richardson, TX 75081
>
>Musa Dan-Fodio
>913 Main Street Suite C
>Stone Mountain, GA 30083

This 14th day of March, 2018

>*/s/ Tiffany R. Johnson*
>TIFFANY R. JOHNSON
>ASSISTANT U.S. ATTORNEY